IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

RICKY L. BURGESS                                                                              PLAINTIFF

v.                              Case No. 3:18-cv-00223-JTK

KILOLO KIJAKAZI[1], Acting Commissioner,                                           DEFENDANT
Social Security Administration

### ORDER

Pending is Plaintiff counsel's Motion to Alter Judgment (DE #33) requesting the Court to alter the Order Denying Plaintiff's counsel's Motion for Attorney's Fees Under Section 406(b) of the Social Security Act (DE #32). Plaintiff's counsel is seeking $10,092.00 toward 37.55 hours worked for court services. (DE #30). For the reasons that follow, the motion, (DE # 33), is **GRANTED**, and the Court's Order Denying Plaintiff's Motion for Attorney's Fees (DE #32) is amended as follows. Plaintiff's Motion for Attorney's fees is **GRANTED** in the amount of $10,092.00.

Plaintiff and his counsel entered a contract whereby counsel agreed to represent Plaintiff in seeking benefits before the Social Security Administration (SSA). Plaintiff agreed to pay counsel twenty-five percent (25%) of past due benefits. (DE # 30-2). On December 17, 2019, the Court reversed the Commissioner and remanded this case for further proceedings. (DE # 15 & 16). Plaintiff's counsel received an Equal Access to

---

[1] Substituted for Andrew Saul pursuant to Fed. R. C. P. 25(d).

Justice Act (EAJA) award of $6,386.65, in attorney fees on March 23, 2020. Counsel states the complete award was paid toward Plaintiff's federal debt.

On remand, Plaintiff received a favorable decision, finding him disabled. SSA withheld $10,092.00 from past due benefits to pay counsel. (DE # 30-1, p. 3) None of that amount was awarded to counsel for services performed on the case at the administrative level, leaving the entire amount, or $10,092.00. This amount would be the entire fee undersigned would receive for his representation of Plaintiff before the Court. The Commissioner states she is not a true party in interest, and therefore, declines to assert a legal position on the appropriateness or reasonableness of Plaintiff's request. (DE # 31).

When a Court "renders a judgment favorable to a claimant" in a Social Security case, the Court is authorized to award "a reasonable fee for [claimant's attorney's] representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).[2] This fee is payable "out of, and not in addition to, the amount of such past-due benefits." *Id.* This provision does not displace contingent-fee agreements entered between a claimant and his attorney; rather, § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). So long as the contingent fee does not exceed 25% of the past-due benefits, the attorney for the successful claimant must simply show that the fee sought is "reasonable for the services rendered." *Id.* In its analysis, the Court should

---

[2] Under 42 U.S.C. § 406(a), the Commissioner is authorized to award attorney's fees for counsel's representation at the administrative level.

look first to the contingent-fee agreement and then test it for reasonableness by examining, *inter alia,* the character of the attorney's representation, the results achieved by the representation, whether the attorney was responsible for any delay that produced an accumulation of past-due benefits, the number of hours the attorney spent representing the claimant, and the attorney's normal hourly billing rate for non-contingent fee cases. Where the benefits are large in comparison to the amount of time counsel spent on the case, "a downward adjustment" may be in order to prevent a "windfall" to the attorney. *Id.* at 808–09. Although compensation can be awarded only for court-related work, the Court may consider the attorney's work at the agency level as a factor relevant to the complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court. *See Mudd v. Barnhart,* 418 F.3d 424, 428–29 (4th Cir. 2005).

In Plaintiff's quest for benefits, counsel has represented him for over three years during the federal court review process. As stated, counsel and Plaintiff entered into a fee agreement whereby counsel agreed to pursue benefits on Plaintiff's behalf, and Plaintiff agreed to pay counsel a fee of twenty-five percent of any past-due benefits awarded. By entering into this contingent-fee agreement, counsel bore the risk of non-payment in the event no benefits were awarded for the client. As a result of counsel's representation, however, Plaintiff obtained a reversal and remand, and, in post-remand administrative proceedings, an award of benefits. Plaintiff would have been unsuccessful without judicial action and the number of court-related hours expended is reasonable. Nothing indicates this matter presented issues that were novel or unusually difficult or precluded counsel

from accepting other employment. Counsel billed 37.55. For purposes of attorney's fees under § 406(b), he requests $10,092.00, which is the amount withheld by the SSA and available to him. (*DE #30*).

Based on all the relevant factors, the request represents a reasonable fee award and adequately furthers the joint purposes of protecting social security claimants from "inordinately large fees" and ensuring that attorneys representing such claimants are appropriately compensated. *See Gisbrecht,* 535 U.S. at 805. Counsel's request is no more than the statutory limit of twenty-five percent of total past-due benefits, and he frequently represents social-security claimants in court. This Court recognizes "that a lawyer's risk of not getting paid for taking a Social Security appeal on a contingency basis is very high." *Bear v. Astrue*, 544 F. Supp. 2d 881, 884 (D. Neb. 2008) (awarding counsel $10,288.50 under section 406(b) for 29.4 hours of work). Thus, when a lawyer wins having proceeded on a contingency basis, an attorney's fee that might otherwise appear unreasonable may be appropriate. Plaintiff's favorable results would not have occurred without counsel's able representation and experience in the field. Therefore, pursuant to the SSA, Plaintiff's attorney is entitled to a § 406(b) fee in the amount of $10,092.00, provided this amount, when combined with any fees awarded at the administrative level, does not exceed twenty-five percent of Plaintiff's past-due benefits.

IT IS THEREFORE ORDERED THAT:

1. The Motion to Alter Judgment (DE# 33) is GRANTED

2. The Order Denying Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b) (DE #32) is AMENDED.

3. Counsel is awarded $10,092.00 for attorney's fees under 42 U.S.C. § 406(b).

IT IS SO ORDERED this 2nd day of November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE